UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
SHUAIB WESLEY,

                              Petitioner,

            -v.-                                                9:06-CV-1118
                                                                        (FJS)(GHL)

ROBERT ERCOLE,

                              Respondent.
--------------------------------------------------------------------------

APPEARANCES:                                    OF COUNSEL:

SHUAIB WESLEY
Petitioner, *pro se*
02-B-2148

HON. ANDREW M. CUOMO                 JODI A. DANZIG, ESQ.
State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## **ORDER**

     Presently before this Court is a Motion from Petitioner Shuaib Wesley ("Petitioner" or "Wesley") to stay his habeas Petition until he fully exhausts his state court remedies. See Dkt No. 5. Respondent has opposed this Motion. Dkt. No. 6.

     This action was filed on September 18, 2006, and the Answer deadline in this action has been stayed pending resolution of this Motion. Dkt. No. 10. This Motion was filed on October 30, 2006.

     In this case the Court is presented with a "mixed" Petition. Petitioner appears to have set forth all of his claims in the Petition filed in this Court, but acknowledges that some of those claims may not be fully exhausted. Thus, Petitioner seeks a stay of this action so that he may

return to the state courts and attempt to exhaust his claims.

The Respondent, who has yet to answer the Petition, opposes the Motion on the grounds that Petitioner has not shown good cause for his failure to exhaust his claims, Petitioner's claims will likely fail on habeas review, and that some of the claims Petitioner intends to raise in the state courts will likely fail. *See* Dkt. No. 6.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a habeas Petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, the district court must consider both the timeliness of any subsequent Petition and the impact of the AEDPA's limitations on second or successive Petitions in determining the proper disposition of the Petition. The Second Circuit ruled in *Zarvela*, that when presented with a mixed Petition, the district court may dismiss without prejudice or retain jurisdiction over the Petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the Petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a Petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*.

In light of *Zarvela*, and in order to preserve the viability of any fully exhausted claims, further proceedings in this matter are hereby stayed so that Petitioner may complete his state court proceedings related to his unexhausted claims in state court and, if necessary, return to this Court after exhaustion is completed.

WHEREFORE, it is hereby

ORDERED, that further proceedings in this matter are hereby **stayed**, on the following terms and conditions: **Within thirty (30) days** from the date of the resolution of Petitioner's state court proceeding(s), Wesley must advise the Court, in writing, of the outcome thereof and must also provide a copy of the state court decision concerning the disposition of the newly exhausted claims, and it is further

ORDERED, that Petitioner advise the Court, in writing, **within sixty (60) days** from the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

ORDERED, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: January 4, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge